UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

I.C.,

Petitioner,

- against -

MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*; *et al.*,

Respondents.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

26-CV-5293 (PKC)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Respondents' Response, (Dkt. 8), to the Court's Show-Cause Order, (Dkt. 5). Respondents acknowledge that Petitioner's detention is governed by 8 U.S.C. § 1226(a), and they concede that no initial custody determination was made prior to Petitioner's detention. (*Id.* at 1.) Respondents' failure to conduct such a determination before re-detaining Petitioner violated his due process rights and necessitates his release from detention. *See, e.g.*, *Cadena-Gallegos v. Bondi*, 820 F. Supp. 3d 213, 219–21 (E.D.N.Y. 2026) (finding detention under 8 U.S.C. § 1226(a) without notice or opportunity to be heard violated due process and that the appropriate remedy was release).

The Court therefore grants the petition for writ of habeas corpus, (Pet., Dkt. 1). Respondents are directed to release Petitioner from custody immediately and no later than by Sunday, September 6, 2026, at noon. Respondents shall release Petitioner subject to the conditions at which he was at liberty before he was detained, without any additional constraints on his liberty, including, but not limited to, electronic or GPS monitoring. Respondents must release Petitioner

with all of his belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money.

Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. on September 8, 2026.

Respondents may not administratively recharacterize the release granted by this Order as grounds to impose new conditions or revoke existing conditions (including release on recognizance or similar instruments) without prior notice to and authorization from the Court.

Respondents shall not re-detain Petitioner without first moving before this Court to demonstrate compliance with all applicable regulatory, statutory, and constitutional requirements necessary to arrest and detain Petitioner. Should Respondents seek to re-detain Petitioner, they are directed to file a motion with the Court that justifies lawful detention. The Court retains jurisdiction to review any subsequent arrest or detention of Petitioner by Respondents to ensure compliance with this Memorandum and Order.

Should Petitioner seek an award of reasonable fees and costs pursuant to the Equal Access to Justice Act, he may do so by filing a letter application on the docket within 30 days of a final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 9, 2026
Brooklyn, New York